From Salisbury.
For the petitioner it was urged that the ulterior devise being to the collateral heirs of Mary Long Davidson, the testator must have intended to use the word "heirs" in a limited and not a general sense, and to have meant "heirs of the body" of Mary Long Davidson, and not her heirs general. It is a settled rule of construction in executory devises that when the devise over is to a collateral heir of the first devisee upon the failure of his or her heirs, or for the want of heirs, etc., the word heirs
shall always be taken to mean heirs special and not heirs general. Cro. Jac., 416; Doug., 216; 2 Fearne, 153, Notes. The testator, therefore, intended that the estate should go over to his nephews and nieces in case his daughter Mary (144) should die without having issue.
The term, "dying without having issue or children," in common parlance is understood in two senses: first, dying without having had issue; secondly, dying without having issue living at the time of the death. It is difficult to determine in which sense the testator, Thomas Davidson, used the term. It is obvious that the two meanings of the term are very different; but it is immaterial in this case which meaning he adopted; for either will entitle the petitioners to a decree, the limitation to them being to vest, if at all, upon the death of Mary, the first devisee.
The word "having" is a participle of the present time, and may therefore be considered as being used by the testator as expressive of present time; that is, the time of Mary's death: "if she should die without having heirs"; and taking the word "having" in this devise as a participle of the present time, it means not only the birth of issue, but that that issue should be in esse at the time of her death. For unless the issue were living at the time of her death, she could not then be said tohave issue. If the testator used the word "having" in this sense, the limitation to the nephews and nieces is not too remote, for it is to take effect immediately upon the death of Mary without issue at her death. The word "having" is sometimes used as past time, and then it has the same meaning as the perfect past participle of the verb "to have," to wit, "having had." If the testator intended to use it in this sense, his meaning was, that if Mary Long Davidson should die without having had any heirs of her body, then the estate should go over to his nephews and nieces; and then the devise to Mary is conditional, the condition being, "her having had heirs of her body." Until she has heirs of her body, her estate is conditional; as soon as issue is born the condition is performed and her estate becomes absolute. Mary's estate resembles the ancient fee-simple conditional at the common law; the moment that issue was (145) *Page 110 
born to the donee, his estate in the land became absolute, the condition of the gift being performed. If, then, the participle "having" be taken as a participle of past time, it must relate to time anterior to Mary's death, within which she might have issue; as a participle of the present time, it must relate to the time of Mary's death. In no way can the grammatical or vulgar meaning of this participle be construed to extend to time posterior to Mary's death, much less to include such a quantum of time as twenty-one years subsequent to that event.
If the word "having" did not determine with sufficient precision the time when the ulterior limitation was to vest, if at all, that time would be pointed out by the word "then" used in the devise. It is not here used as an adverb of reference, otherwise the subsequent words "and in that case" would not have been used. It is here used as an adverb of time, and can be referable only to the time of Mary's death. There seems to be no ground whatever to put this case upon the remoteness of the second limitation; it being clear in every way in which the words of the devise can be construed, that if the second limitation is to take effect, it must be at Mary's death. In Weakly v.Rugg, 7 Term, 322, the devise was to the testator's "daughter Anne, but if she should happen to die without having childor children lawfully begotten, then to his daughter Mary, and after her to such child or children as she should happen to have lawfully begotten." Anne married and had three children, who as well as the husband died in Anne's lifetime. The question was whether Anne was entitled to the whole interest in the estate devised. And the Court held that as Anne had had issue, the condition was performed and the estate vested absolutely in her upon that event. The case differs in no respect from the case before the Court, except in the birth of issue. (146) The devise in each is to a favorite daughter; the words expressing the contingency upon which the limitation over was to vest are in substance the same; one testator using the words "without having child or children lawfully begotten,"
the other "without having heirs," evidently meaning heirs of the body. If, therefore, in Weakly v. Rugg it was held that Anne, the first taker, was entitled to the whole interest in the estate devised, because she had had issue, she surely would not have been thus entitled if she had had no issue; and Mary Long Davidson, having had no issue, the whole interest never vested in her absolutely, but upon her death vested absolutely in the ulterior devisees.
The limitation over to the nephews and nieces is too remote, and therefore void. *Page 111